UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. GADDY, | Case No. 1:22-CV-00412-JLT-EPG |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED |
| v. | |
| C. PFEIFFER, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Michael J. Gaddy ("Plaintiff") is a state prisoner proceeding *pro se* in this in this civil rights action. Plaintiff filed the complaint commencing this action on April 11, 2022. (ECF No. 1). Plaintiff alleges that he was denied due process and other constitutional rights when he was deprived of a parole suitability hearing for a 1993 sentence, in part based on a subsequent sentence of 32 years-to-life for a felony while in state prison.

It appears that Plaintiff has already fully litigated these claims in another case: Gaddy v. Ducart, No. 18-CV-04558-HSG, 2019 WL 78838, (N.D. Cal., Jan. 2, 2019), aff'd 802 Fed.Appx. 300 (9th Cir. 2020). Accordingly, Plaintiff is ordered to show cause why his case pending in this court should not be dismissed based on the doctrine of res judicata and/or collateral estoppel.

**I.   RES JUDICATA**

    a.   Legal Standards

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim

1

preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.  Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.  By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).  "[T]he doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980)).

"[C]ollateral estoppel [(issue preclusion)] applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO), 649 F.3d 1067, 1070 (9th Cir. 2011) (citing Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 (9th Cir. 2006)).

///

///

b.  <u>Analysis</u>

Plaintiff's complaint in this case alleges that he was denied a parole suitability hearing based on subsequent sentences.  Plaintiff was sentenced to a prison term of "life with the possibility of parole" plus 11 years and 8 months for attempted murder on December 17, 1993. Plaintiff claims that he was eligible for his first consultation hearing in 2005, but it did not take place.  In 1994, Plaintiff was sentenced to an additional determinate sentence of 6 years to run consecutive to the prior sentence.  Plaintiff claims that defendants and the California Department of Corrections ("CDCR") improperly used a blanket policy to run the two determinate terms together, making Plaintiff eligible for a consultation hearing in 2011.  Then, in 2007, two years after the first hearing was supposed to happen, Plaintiff was sentenced to a term of 32 years to life to be served consecutively for a felony while in state prison.  Plaintiff was then deprived of a suitability for parole hearing in 2016 in violation of the due process clause.  Without a hearing for eligibility and suitability, the defendants and CDCR arbitrarily changed Plaintiff's eligibility for parole to 2035.  Plaintiff's complaint names C. Pfeiffer, S. Swaim, and V. Santos as defendants.

Almost four years earlier, on July 30, 2018, Plaintiff filed similar claims in the Northern District of California in <u>Gaddy v. Ducart,</u> No. 18-CV-04558-HSG, 2019 WL 78838, (N.D. Cal. Jan. 2, 2019).  Those claims were dismissed on January 2, 2019 for failing to state any cognizable claims.  That Court summarized Plaintiff's claims as follows:

> Plaintiff alleges that Defendants have violated his due process rights because, despite being incarcerated twenty-five years, Defendants have never granted him a parole hearing. He further argues that section 3041 of the California Penal Code requires Defendants to set a fixed date for his parole release because he is an indeterminate life prisoner who has reached his minimum parole eligibility date (2016). Compl. at 4–5; Am. Compl. at 4–5. Plaintiff alleges that Defendants deprived him of his liberty and violated his procedural due process rights "to be heard at a meaningful time and in a meaningful manner" when they incorrectly changed his maximum eligible parole date from 2016 to 2048. Compl. at 5; Am. Compl. at 5. Plaintiff also argues that Defendants "violated [his] Eighth Amendment Constitutional Right under Deliberate Indifference which Constituted Cruel and Unus[u]al Punishment" when they refused to investigate the computational error and therefore detained him beyond the termination of his sentence. Compl. at 5–6; Am. Compl. at 5–6.

> In the amended complaint, Plaintiff makes the additional argument that 120 CMR Parole Board 200.08(c) prohibits prison officials from calculating a parole eligibility date by aggregating a life sentence and any sentence that runs consecutive to that life sentence. Am. Compl. at 4–5.

Gaddy, 2019 WL 78838, at *2. The Court thoroughly analyzed Plaintiff's claims and dismissed Plaintiff's case without leave to amend for failure to state a cognizable claim, explaining:

> Plaintiff's argument in both complaints is that he is constitutionally entitled to parole hearings with respect to the sentences in Case No. BA075584 and Case No. FCH01069. But, contrary to the argument made in the amended complaint, Section 1170.1 of the California Penal Code requires the aggregation of multiple terms. Specifically, Section 1170.1 provides that where multiple terms of imprisonment are to be served consecutively, "the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison." Cal. Penal Code § 1170.1(c). Prison officials therefore properly aggregated Plaintiff's terms, including his 2007 sentence, and correctly calculated his MEPD to be 2046.
>
> Plaintiff incorrectly argues that he has a liberty interest in a parole hearing arising out of 120 CMR Parole Board 200.08(c) and section 3041 of the California Penal Code. 120 CMR Parole Board 200.08(c) is inapplicable here. This is a citation to a Massachusetts statute, specifically Code of Massachusetts Regulations Title 120, Section 200.08(c). Plaintiff was sentenced pursuant to California state law, not Massachusetts state law.
>
> Nor is Section 3041 applicable here.
>
> Section 3041 requires that the Board of Parole Hearings (1) meet with an inmate six years prior to an inmate's minimum eligible parole date ("MEPD") to review the inmate's documents and activities pertinent to parole eligibility, and (2) meet again a year prior to the MEPD. Cal. Penal Code § 3041(a)(1)-(2). However, pursuant to Section 3046 of the California Penal Code, because Plaintiff is serving two life sentences that are ordered to run consecutively to each other, Plaintiff is not eligible for parole until he has served the minimum term under each life sentence. Cal. Penal Code § 3046. Here, the minimum term on the first life sentence is seven years, and the minimum term on the second life sentence is thirty-two years, for a total of thirty-nine years. Taking into account only the two life terms, Plaintiff would not be eligible for parole until 2032. Once the second sentence in Case No. BA075584 and the sentence in Case No. FCH01069 are both included for in the calculations, Plaintiff's MEPD is 2048.

> Accordingly, Plaintiff is not yet entitled to a parole hearing and Defendants' failure to schedule a parole hearing does not violate Section 3041.
>
> Because prison officials did not err in calculating Plaintiff's MEPD, the failure to schedule a parole hearing did not violate either the Due Process Clause or the Eighth Amendment.

Gaddy, 2019 WL 78838, at *3.

Plaintiff appealed this dismissal to the Ninth Circuit, and the Ninth Circuit affirmed the dismissal. Gaddy v. Ducart, 802 Fed.Appx. 300 (9th Cir. 2020), cert. denied 141 S.Ct. 2529, 209 L.Ed.2d 557 (2021) ("The district court properly dismissed Gaddy's action because Gaddy failed to allege facts sufficient to show that his parole eligibility date was miscalculated.").

Plaintiff's claims in this case are materially the same as the claims in the earlier lawsuit. Although the individual defendants are not the same, they are in privity with each other because they are officers of the same state government and, in this subject matter, have identical interests. Because "there is privity between officers of the same government," a judgment in one suit between a party and a representative of a government precludes relitigation of the same issue between that party and a different government officer in a later suit. Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 916, 84 L.Ed. 1263 (1940); see also Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir.1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

Moreover, the previous district court and the Ninth Circuit have already held that Plaintiff's claims are legally incorrect. Relitigation of the same issue is barred by the doctrine of collateral estoppel because the issue was necessarily decided in the previous case, it is identical to the legal issues in Plaintiff's current complaint, it ended with a final judgment on the merits, and collateral estoppel is being asserted against the same person.

Accordingly, it appears that this action is barred by the doctrines of res judicata and collateral estoppel, and the Court will direct Plaintiff to show cause as to why this action should not be dismissed on that basis.

///

**II.     ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause as to why this action should not be dismissed as barred by the doctrines of res judicata and collateral estoppel.
2. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 21, 2022**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE