1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

MICHAEL J. GADDY,

Case No. 1:22-cv-00412-JLT-EPG (PC)

12

Plaintiff,

FINDINGS AND RECOMMENDATIONS
RECOMMENDING THAT THIS CASE BE
DISMISSED

13

v.

14

C. PFEIFFER, *et al.*,

(ECF No. 1).

15

Defendants.

OBJECTIONS, IF ANY, DUE IN TWENTY-
ONE (21) DAYS

16
17
18
19

    Michael J. Gaddy ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights

20

action. Plaintiff's complaint primarily arises from Plaintiff's contention that prison officials

21

incorrectly calculated the date Plaintiff is eligible for parole. As a result, Plaintiff claims he was

22

unlawfully deprived of both an informal consultative parole hearing and a parole suitability

23

hearing in violation of his due process and other constitutional rights.

24

    The Court reviewed Plaintiff's complaint. (ECF No. 11). Upon review, it appeared that

25

Plaintiff had fully litigated similar claims regarding the alleged miscalculation of Plaintiff's

26

parole eligibility date in a prior case. (Id.) The Court ordered Plaintiff to "show cause why his

27

case pending in this court should not be dismissed based on the doctrine of res judicata and/or

28

collateral estoppel." (Id. at 1).

On August 22, 2022, Plaintiff filed a motion for a thirty-day extension of time to file his response (ECF No. 12), which the Court granted (ECF No. 13). Plaintiff filed his response to the order to show cause on September 27, 2022. (ECF No. 14).

After reviewing Plaintiff's response, the Court finds that Plaintiff's constitutional claims against Defendants C. Pfeiffer, S, Swain, and V. Santos arising from the calculation of his parole eligibility date are barred by the doctrines of claim preclusion and issue preclusion (hereafter, collectively referred to as "res judicata"). Accordingly, the Court will recommend that this action be dismissed.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. Additionally, a plaintiff's legal conclusions are not accepted as true. *Id.* at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint states that he was sentenced to a term of life with the possibility of parole for attempted murder in 1993. (ECF No. 1, p. 4). Plaintiff was eligible for parole in the

1993 attempted murder sentence after seven years pursuant to California Penal Code § 3046. (Id.) Plaintiff was also sentenced to an additional 11 year and 8 months for robbery and attempted robbery, which was to run consecutively with the life term. (Id.)

Based on the 1993 sentences, Plaintiff's minimum parole eligibility date was 2005 and the maximum eligibility date was 2011. (Id. at 4). A parole consultation hearing was supposed to take place in 2005. (Id.) According to Plaintiff, the parole consultation hearing provides incarcerated individuals with information "about the parole hearing process, legal factors relevant to [their] suitability or unsuitability for parole, and individualized recommendations." (Id. at 5). Those recommendations are to be provided in writing thirty days after the consultation. (Id. at 5).

In 1994, Plaintiff was sentenced to an additional determinate term of six years which was to be served after completion of the 1993 sentences. (Id. at 5). Plaintiff states that prison officials employed a blanket policy that improperly evaluated the 1993 and 1994 determinate sentences so that Plaintiff would not be eligible for a parole consultation hearing until 2011. (Id.) Plaintiff argues that he had a right to attend a parole consultation hearing before his minimum parole eligibility date. (Id.)

In 2007, Plaintiff was sentenced to a term of 32 years to life for a felony to be served consecutively with his 1993 sentence. (Id. at 5). Plaintiff contends that Defendants' misapplication of several Penal Code statutes "arbitrarily abrogated Plaintiff's eligibility parole hearing from 2016 to 2035." (Id. at 5; see id. at 5-9).

Plaintiff argues that Defendants failed to correctly apply Penal Code § 1170.1. According to Plaintiff, § 1170.1 provides that consecutive terms for felonies committed in prison begin at the time the individual would have otherwise been released from prison. (Id. at 7). Plaintiff asserts that the 2007 consecutive sentence should begin on "the date Plaintiff is found suitable for parole, not the date he completes his base term." (Id.) According to Plaintiff, the Board of Parole Hearings reached a settlement where the Board "agreed to calculate the length of a life prisoner's base term at the time of the initial parole suitability." (Id. at 6). Plaintiff states the 2035 date is not the end of his base term for the 1993 term of life sentence. (Id.)

Plaintiff argues that Defendants have not complied with Penal Code § 3046 because Plaintiff was eligible for a parole suitability hearing seven years into his 1993 term of life

3

sentence. (Id. at 7). Additionally, Plaintiff argues that Defendants have violated Penal Code § 3041 by not setting a fixed date for parole release after Plaintiff reached his minimum parole eligibility date for the 1993 term of life sentence.

Plaintiff alleges that Defendants failed to notify Plaintiff of the legal reason for the change in Plaintiff's parole eligibility for his 1993 term of life sentence. (Id. at 4-9). Further, Defendants deprived Plaintiff of his opportunity to be heard in a parole consultation or suitability hearing. (Id.) For those reasons, Plaintiff claims that Defendants violated his due process rights under the Fifth and Fourteenth Amendments. (Id). Plaintiff's complaint also alleges an Eighth Amendment deliberate indifference claim against Defendants based on their refusal to investigate Plaintiff's grievances regarding the fact such hearings have not been held. (Id. at 9). Finally, Plaintiff alleges that Defendants violated Plaintiff's First Amendment freedom of expression by depriving Plaintiff of a parole consultation and suitability hearing for his 1993 term of life sentence. (Id. at 9-10).

### III.    PLAINTIFF'S PRIOR CASE

On July 27, 2018, Plaintiff filed a complaint alleging similar claims in the Northern District of California in *Gaddy v. Ducart*, No. 18-cv-04558-HSG, 2019 WL 78838 (N.D. Cal., Jan. 2, 2019), *aff'd* 802 Fed.Appx. 300 (9th Cir. 2020). Those claims were dismissed on January 2, 2019, for failing to state any cognizable claims. That Court summarized Plaintiff's claims as follows:

> Plaintiff alleges that Defendants have violated his due process rights because, despite being incarcerated twenty-five years, Defendants have never granted him a parole hearing. He further argues that section 3041 of the California Penal Code requires Defendants to set a fixed date for his parole release because he is an indeterminate life prisoner who has reached his minimum parole eligibility date (2016). Plaintiff alleges that Defendants deprived him of his liberty and violated his procedural due process rights "to be heard at a meaningful time and in a meaningful manner" when they incorrectly changed his maximum eligible parole date from 2016 to 2048. Plaintiff also argues that Defendants "violated [his] Eighth Amendment Constitutional Right under Deliberate Indifference which Constituted Cruel and Unus[u]al Punishment" when they refused to investigate the computational error and therefore detained him beyond the termination of his sentence.
>
> In the amended complaint, Plaintiff makes the additional argument that 120 CMR Parole Board 200.08(c) prohibits prison officials from calculating a parole eligibility date by aggregating a life sentence and any sentence that runs

4

1    consecutive to that life sentence.

2    *Gaddy*, 2019 WL 78838, at *2 (internal citations omitted). Plaintiff's original complaint was

3    dismissed with leave to amend on the ground that it failed to state a cognizable due process or

4    Eighth Amendment claim. As the Court explained,

5        Plaintiff's parole eligibility date changed from 2016 to 2048 because Plaintiff was
         convicted of an additional crime in 2007 and sentenced to an additional term of 32
6        years to life to run consecutive to the prior two terms. Plaintiff was therefore
         ineligible for parole on the earlier two sentences because he was required to serve
7        an additional prison term.

8    *Id.* The Court thoroughly analyzed Plaintiff's amended complaint and dismissed Plaintiff's case

9    without leave to amend for failure to state a cognizable claim, explaining:

10       Plaintiff's argument in both complaints is that he is constitutionally entitled to
         parole hearings with respect to the sentences in Case No. BA075584 and Case No.
11       FCH01069. But, contrary to the argument made in the amended complaint, Section
         1170.1 of the California Penal Code requires the aggregation of multiple terms.
12       Specifically, Section 1170.1 provides that where multiple terms of imprisonment
         are to be served consecutively, "the term of imprisonment for all the convictions
13       that the person is required to serve consecutively shall commence from the time
         the person would otherwise have been released from prison." Cal. Penal Code §
14       1170.1(c). Prison officials therefore properly aggregated Plaintiff's terms,
         including his 2007 sentence, and correctly calculated his MEPD to be 2046.
15
         Plaintiff incorrectly argues that he has a liberty interest in a parole hearing arising
16       out of 120 CMR Parole Board 200.08(c) and section 3041 of the California Penal
         Code. 120 CMR Parole Board 200.08(c) is inapplicable here. This is a citation to a
17       Massachusetts statute, specifically Code of Massachusetts Regulations Title 120,
         Section 200.08(c). Plaintiff was sentenced pursuant to California state law, not
18       Massachusetts state law.
19
         Nor is Section 3041 applicable here. Section 3041 requires that the Board of
20       Parole Hearings (1) meet with an inmate six years prior to an inmate's minimum
         eligible parole date ("MEPD") to review the inmate's documents and activities
21       pertinent to parole eligibility, and (2) meet again a year prior to the MEPD. Cal.
         Penal Code § 3041(a)(1)-(2). However, pursuant to Section 3046 of the California
22       Penal Code, because Plaintiff is serving two life sentences that are ordered to run
         consecutively to each other, Plaintiff is not eligible for parole until he has served
23       the minimum term under each life sentence. Cal. Penal Code § 3046. Here, the
         minimum term on the first life sentence is seven years, and the minimum term on
24       the second life sentence is thirty-two years, for a total of thirty-nine years. Taking
         into account only the two life terms, Plaintiff would not be eligible for parole until
25       2032. Once the second sentence in Case No. BA075584 and the sentence in Case
         No. FCH01069 are both included for in the calculations, Plaintiff's MEPD is 2048.
26       Accordingly, Plaintiff is not yet entitled to a parole hearing and Defendants' failure
         to schedule a parole hearing does not violate Section 3041.
27

28

Because prison officials did not err in calculating Plaintiff's MEPD, the failure to schedule a parole hearing did not violate either the Due Process Clause or the Eighth Amendment.

*Gaddy*, 2019 WL 78838, at *3.

Plaintiff appealed this dismissal to the Ninth Circuit, and the Ninth Circuit affirmed the district court's order. *Gaddy v. Ducart*, 802 Fed.Appx. 300 (9th Cir. 2020), *cert. denied* 141 S.Ct. 2529 (2021) ("The district court properly dismissed Gaddy's action because Gaddy failed to allege facts sufficient to show that his parole eligibility date was miscalculated.").

## IV.   ORDER TO SHOW CAUSE AND RESPONSE

1.   <u>The Court's Order to Show Cause</u>

On July 25, 2022, the Court issued an order to show cause. (ECF No. 11). Regarding the doctrine of res judicata, the Court found that Plaintiff's claims in this action were materially the same as those in the prior case:

> Although the individual defendants are not the same, they are in privity with each other because they are officers of the same state government and, in this subject matter, have identical interests. Because "there is privity between officers of the same government," a judgment in one suit between a party and a representative of a government precludes relitigation of the same issue between that party and a different government officer in a later suit. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402, 60 S.Ct. 907, 916, 84 L.Ed. 1263 (1940); see also *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir.1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

(*Id.* at 5).

As the previous district court and the Ninth Circuit had held that Plaintiff's claims were legally incorrect, the Court found that "[r]elitigation of the same issue is barred by the doctrine of collateral estoppel because the issue was necessarily decided in the previous case, it is identical to the legal issues in Plaintiff's current complaint, [and] it ended with a final judgment on the merits." (*Id.*)

Accordingly, the Court ordered Plaintiff to show cause as to why his case should not be dismissed on the ground that Plaintiff's action is barred by the doctrine of res judicata. (ECF No. 11, p. 5).

//

6

1      2.  Plaintiff's Response

2          On September 27, 2022, Plaintiff filed a response to the Court's order. (ECF No. 14).

3  Plaintiff contends that res judicata is not applicable in this case because there was not a final

4  judgment on the merits in the previous case. (Id. at 1-4). Plaintiff argues that dismissal for failure

5  to state a claim is not dismissal on the merits. (Id. at 2-4). Further, Plaintiff's action is not barred

6  because "[t]he parties are different from the first suit," and Defendants owed Plaintiff a "fiduciary

7  duty" to correctly review Plaintiff's case records when calculating Plaintiff's "terms of

8  incarceration, credits, and release date." (Id. at 3).

9          Additionally, Plaintiff argues that res judicata does not apply to this case because his

10  complaint alleges new facts and worsening of the earlier conditions based on the same course of

11  wrongful conduct alleged in the previous case. (Id. at 5-8). Plaintiff states that the circumstances

12  surrounding the deprivation of his parole hearing for the 1993 sentence have worsened because

13  Defendants "recently extended Plaintiff's sentence" so that he is "now serving a 39-year term that

14  was never handed down by any court." (Id. at 6). Finally, Plaintiff asserts that Defendants are

15  continuously violating his constitutional rights by evaluating Plaintiff's period of incarceration

16  "under indeterminate rules, regulations and new restrictions" even though Plaintiff is serving a

17  determinate term. (Id.)

    **V.  RES JUDICATA**

18      1.  Legal Standards

19          "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion,

20  which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final

21  judgment forecloses successive litigation of the very same claim, whether or not relitigation of the

22  claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive

23  litigation of an issue of fact or law actually litigated and resolved in a valid court determination

24  essential to the prior judgment, even if the issue recurs in the context of a different claim. By

25  preclud[ing] parties from contesting matters that they have had a full and fair opportunity to

26  litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits,

27  conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility

28  of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original)

(footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980).

"[C]ollateral estoppel [(issue preclusion)] applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO)*, 649 F.3d 1067, 1070 (9th Cir. 2011) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

2.  Analysis

The Court finds that Plaintiff's claims are barred by the doctrine of res judicata. For that reason, the Court will recommend that Plaintiff's case be dismissed.

*a.  Claim Preclusion*

The Court finds the first element, identity of claims, is satisfied. Here, Plaintiff's due process and deliberate indifference claims in this action arise out of identical facts (i.e., the cumulative effect of Plaintiff's multiple criminal sentences on Plaintiff's eligibility for parole), allege the same infringement of constitutional rights, and rely on the same evidence, as Plaintiff's claims in the previous case. *See Garity v. APWI National Labor Organization*, 828 F.3d 848, 855 (9th Cir. 2016) (determining "identity of claims" element based on multiple factors including "whether the two suits arise out of the same transactional nucleus of facts. . .whether the two suits involve infringement of the same right[,] and whether substantially the same evidence is

1   presented in the two actions.").

2          The Court also finds the previous suit ended in a final judgment on the merits. Here,

3   Plaintiff's previous case ended in final judgment on the merits when it was dismissed without

4   leave to amend for failure to state any cognizable due process or Eighth Amendment cause of

5   action. *See Stewart v. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (dismissal for failure to state a

6   claim under Rule 12(b)(6) pleading standards is final judgment on the merits for purposes of res

7   judicata).

8          Further, there is also privity between the Defendants named in this action and those named

9   in Plaintiff's previous case because they are officers of the same state government and, with

10  respect to the issue of Plaintiff's parole eligibility, have identical interests. *Sunshine Anthracite*

11  *Coal Co. v. Adkins*, 310 U.S. 381, 402-03 ("There is privity between officers of the same

12  government so that a judgment in a suit between a party and a representative of the [government]

13  is res judicata in relitigation of the same issues between that party and another officer of the

14  government."); *see also Hutchison v. California Prison Indus. Auth.*, 2015 WL 179790, at *3-4

15  (N.D. Cal. Jan. 14, 2015) (privity existed between state prison system employees employed by

16  same state agencies who engaged in the same conduct).

17         Thus, Plaintiff's due process and deliberate indifference claims are barred by claim

18  preclusion.

19         *b.  Issue Preclusion*

20         The Court finds that the legal issues at stake in this action—whether Defendants violated

21  certain Penal Code statutes in calculating Plaintiff's parole eligibility—are identical to the legal

22  issues necessarily decided in Plaintiff's prior case. Here, Plaintiff argues that Defendants failed to

23  follow Penal Code §§ 3046, 1170.1, and 3041. The district court in the previous case addressed

24  each of those statutes in determining that prison officials did not err in calculating Plaintiff's

25  parole eligibility. While Plaintiff's complaint in this action includes an additional First

26  Amendment claim not alleged in the previous case, Plaintiff's freedom of expression claim is

27  based on Plaintiff's contention that he has a right to a parole consultation and suitability hearing.

28  However, as explained in the previous case, Plaintiff is not yet entitled to a parole hearing. Thus,

    the legal issue sought to be relitigated in Plaintiff's First Amendment claim is precluded by the

9

previous case. *See Taylor*, 553 U.S. 880, 892 ("Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.").

The Court also finds the remaining requirements of issue preclusions are met. As discussed above, Plaintiff was a party in the first proceeding which ended in a final judgment on the merits. Accordingly, Plaintiff's claims are barred by issue preclusion.

## VI.     CONCLUSION AND RECOMMENDATIONS

The Court concludes that Plaintiff's complaint should be dismissed because Plaintiff's claims are barred by the doctrine of res judicata.

Further, the Court does not recommend granting leave to amend in this case. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." However, "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Here, Plaintiff's claims are precluded by legal issues that have been decided against Plaintiff's favor. Thus, amendment would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1.  Plaintiff's complaint be dismissed, without leave to amend, based on the doctrine of res judicata.

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\
\\\
\\\
\\\
\\\

10

1

2          Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter*

3    *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

IT IS SO ORDERED.

5

6          Dated:   **December 7, 2022**                /s/ *Erica P. Grosjean*

7                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28