UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. GADDY,<br><br>             Plaintiff,<br><br>     v.<br><br>C. PFEIFFER, *et al.*,<br><br>             Defendants. | Case No.  1:22-cv-00412-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THIS CAME BE DISMISSED BASED ON THE DOCTRINE OF RES JUDICATA<br><br>(ECF No. 15). |

Michael J. Gaddy alleges that prison officials miscalculated his parole eligibility date and improperly denied Gaddy a parole hearing when he was entitled to one.  Gaddy asserts that Defendants failed to correctly apply several penal code provisions regarding the start date of consecutive felony terms, failed to properly notify Gaddy of the legal reason for changing his parole hearing date (which is now in 2035), and deprived Gaddy of his opportunity to be heard by failing to hold a parole hearing.  Gaddy brings due process claims under the Fifth and Fourteenth Amendments, a deliberate indifference Eighth Amendment claim based on Defendants' failure to investigate Gaddy's grievances, and First Amendment claims based on the delay of the parole hearing.

Gaddy filed a complaint alleging similar claims in 2018 in the Northern District of California in *Gaddy v. Ducart*, No. 18-cv-04558-HSG, 2019 WL 78838 (N.D. Cal., Jan. 2, 2019),

*aff'd* 802 Fed.Appx. 300 (9th Cir. 2020).[1] Those claims were dismissed on January 2, 2019, for failing to state any cognizable claims. Specifically, the district court there found that Gaddy was not eligible for parole until 2032.

On July 25, 2022, the assigned magistrate judge in this action issued an order for Plaintiff to show cause as to why this case should not be dismissed based on the doctrine of *res judicata*. (Doc. 11). Plaintiff responded to the order. (Doc. 14). On December 7, 2022, the magistrate judge recommended that this case be dismissed based on the doctrine of *res judicata*. (Doc. 15). Further, the magistrate judge recommended that Plaintiff's complaint be dismissed without leave to amend. (*Id.* at 10).

On January 17, 2023, Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 18). Plaintiff contends the magistrate judge's recommendation is "unsupported by the record or operative binding precedent" because *res judicata* does not bar a second claim that is premised on a continuing wrong. (*Id.* at 1, 3). Plaintiff also contends that the prior suit was not a final judgment on the merits for purposes of *res judicata*, (*id.* at 5), and that the defendants named in this action are not protected by privity (*id.* at 7). These objections are materially the same issues that Plaintiff raised in response to the order to show cause, which the magistrate judge expressly addressed (and rejected) in the Findings and Recommendations. The magistrate judge was correct that the "continuing wrong" Plaintiff complains of is based on an issue which was litigated and resolved in a prior case. Plaintiff is incorrect in his assertions that (1) the prior suit was not a final judgment on the merits, and that (2) the defendants named in this action are not in privity with the defendants in the prior action.

As the magistrate judge explained, the new "continuing wrong" of which Plaintiff complains is based on Plaintiff's already-adjudicated claim that he has a right to a parole hearing. This claim was resolved with a final judgment on the merits when the Ninth Circuit affirmed that Gaddy failed to allege facts sufficient to show that his parole eligibility date was miscalculated

---

[1] There, Gaddy alleged due process violations, a deliberate indifference Eighth Amendment claim, and improper application of California Penal Code Sections 3041, 1170.1, and 3046—the same constitutional and penal code provisions that Gaddy implicates in this case. The only new claim in this case is a First Amendment claim, which Gaddy alleges is based on the "continuing" due process and Eighth Amendment violations.

2

such that he has been improperly denied a hearing.

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a de novo review of the case. Having carefully reviewed the entire matter—including Plaintiff's objections—the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated December 7, 2022 (Doc. 15) are **ADOPTED in full**.
2. Plaintiff's complaint is dismissed, without leave to amend, based on the doctrine of res judicata.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2023**

UNITED STATES DISTRICT JUDGE